UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MARK ROOT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN EAGLE INSURANCE CORPORATION, a New Hampshire Corporation,<br><br>　　　　Defendant. | Case No.: 1:12-cv-00727 - JLT<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING |

　　　Defendant Golden Eagle Insurance Corporation seeks partial summary judgment in this action for breach of insurance contract. On November 20, 2012, Plaintiff Rodney Mark Root filed a Notice of Non-Opposition, and asserted Plaintiff had an "insufficient basis for a meritorious opposition." (Doc. 23). However, in retrospect, the Court is unclear of the extent of Plaintiff's non-opposition and, indeed, if only partial summary judgment is sought, which issues remain if the motion is granted.

　　　As the Court reads it, Plaintiff's complaint raises two claims:

1.　　Breach of contract for:

　　　a.)　　failing to replace, rather than repair, the damaged equipment (Doc. 2 at 10-11 ¶ 6); and

　　　b.)　　failing to pay the full value of lost use of the damaged equipment (Doc. 2 at 10-11 ¶ 7)

1

    2.      Breach of the covenant of good faith and fair dealing by:

          a.)    periodically reassigning the matter to different claims adjuster which required Plaintiff to repeat the claims process over and over (Doc. 2 at 10-11 ¶ 8); and

          b.)    failing to consider actual information, rather than supposition, when calculating the value of the loss of use and by failing to use generally accepted accounting methods (Doc. 2 at 10-11 ¶ 8).

Despite these issues and despite the notice of motion which indicated that Defendant sought only partial summary judgment, the grounds for the motion were broadly drafted such that a reasonable interpretation is that full, not partial, summary judgment is sought.[1]  These grounds are:

    1.      Golden Eagle did not breach its contract of insurance by failing to pay to replace, rather than repair, the damaged equipment because the policy gave it the right to elect to pay repair costs rather than to pay to replace the damaged equipment.

    2.      Golden Eagle is entitled to summary judgment on Plaintiffs claim of insurance bad faith because the undisputed facts establish it acted reasonably and with proper cause as a matter of law in adjusting the claim.

(Doc. 19-1 at 1-2)

However, in reviewing the motion, there are undisputed facts which support all claims except the claim that the file was repeatedly reassigned to a different claims adjuster. On this topic, the Court notes that Defendant submitted the declaration of Robert Heflin which explains in summary, why the filed was reassigned. (Doc. 14-2 at 2 ¶ 2)  However, there is not argument in the motion nor is there an undisputed fact which addresses this issue.  Therefore, the Court cannot glean from Defendant's motion, despite its broadly written ground 2 (set forth above), whether it is seeking partial summary judgment related to the bad faith claim *only* as it relates to the failure to properly calculate the value of the loss of use of the damaged equipment.  Likewise, when Plaintiff filed his notice of non-opposition to the motion, the Court cannot determine whether he was indicating that he did not oppose the broadly written ground two as set forth above or whether he intended that the issue of the reassignment of the file be left for further litigation.

///

///

---

[1] Plaintiff has abandoned his claim for punitive damages. (Doc. 19 at 1-2)

**ORDER**

Based upon the foregoing, **within five days** of the date of the service of this order, the parties **SHALL** file a supplemental brief which address the following:

1. Defendant **SHALL** explain, 1.) if it is seeking only partial summary judgment, which issues remain if its motion is granted and 2.) whether its moving papers entitle it to judgment on the claim that it did not act in bad faith when it reassigned the file to new claims adjusters. Defendant's brief **SHALL not** exceed five pages;

2. Plaintiff **SHALL** explain, 1.) if he believed Defendant sought only partial summary judgment, which issues remain if its motion is granted, and 2.) whether Defendant is entitled to summary judgment on the claim that it did not act in bad faith when it reassigned the file repeatedly to various claims adjusters. Plaintiff's brief **SHALL not** exceed five pages but he may offer evidence in support of this final point, over and above the page limitation.

IT IS SO ORDERED.

Dated: **November 27, 2012**            /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE